UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAH HEALING KEMETIC TEMPLE OF THE DIVINE CHURCH, INC., a non-profit religious corporation,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal corporation; and, DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 19-cv-95-BTM-MSB<br><br>**ORDER GRANTING MOTION TO DISMISS THE FIFTH CAUSE OF ACTION**<br><br>**[ECF No. 3]** |

Before the Court is Defendant County of San Diego's ("the County") Motion to Dismiss the fifth cause of action in the Complaint, which was scheduled for hearing on March 20, 2019. (ECF No. 3). Plaintiff Jah Healing Kemetic Temple of the Divine Church, Inc. has failed to respond to the Motion to Dismiss as of the date of this Order, and the deadline passed months ago. *See* CivLR 7.1.e.2 (providing that oppositions must be filed "not later than fourteen calendar days prior to the noticed hearing"). Civil Local Rule 7.1.f.3.c provides, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2,

1

that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

A district court may grant an unopposed motion to dismiss pursuant to a local rule permitting dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (holding district court did not abuse discretion by summarily granting unopposed motion to dismiss pursuant to local rule that permitted but did not require dismissal). However, the Court must consider the following factors before granting a motion on that ground: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

All five factors weigh in favor of dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court must manage its docket, and there is no risk of prejudice to Defendants, the moving party. As for the fourth factor, although public policy favors disposition of cases on the merits, Plaintiff's failure to respond precludes the parties' ability to move the case forward and actually litigate the merits. This factor thus also weighs in favor of dismissal. Finally, the Court considers the availability of less drastic sanctions. Plaintiffs initiated this action before a California Superior Court on December 11, 2019. (ECF No. 1-2). Defendant removed the case on January 14, 2019, and moved to dismiss the Fifth Cause of Action for failure to state a claim on January 22, 2019. (ECF Nos. 1, 3). Plaintiff was properly served with both, but five months later, has yet to file any responsive pleading or otherwise prosecute its case. (ECF Nos. 2, 3-3). Given Plaintiff's unexcused, extensive delay, the Court concludes dismissal without prejudice is both warranted and a less drastic sanction than dismissal with prejudice.

The Court further concludes that the Fifth Cause of Action fails to state a claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim against a local government, Plaintiff must allege that a government "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury that the government as an entity is [allegedly] responsible [for] under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Here, Plaintiff has failed to allege a violation of a right secured by the Constitution. Plaintiff cannot state a First Amendment claim against the County for enforcing its "secular ban of marijuana dispensaries" pursuant to a local ordinance (Compl. ¶ D) because "[t]he right of free exercise [under the First Amendment] does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes . . . conduct that his religion prescribes." *United States v. Christie*, 825 F.3d 1048, 1055 n.3 (9th Cir. 2016) (quoting *Employment Division v. Smith*, 494 U.S. 872, 879 (1990)). The Complaint is also deficient because it fails to identify any policy or custom of San Diego County, pointing only to alleged injuries inflicted by the municipality's employees and agents, which is insufficient to state a § 1983 claim. *See id*; ECF No. 1-2 "Compl." ¶ 59.

//
//
//
//
//
//

In conclusion, the Court grants Defendants' Motion to Dismiss the Fifth Cause of Action with leave to amend the deficiencies identified above. Plaintiff must amend the Complaint within **fifteen days** of the entry of this order. Defendant must answer any amended complaint, or, if none is filed, the First through Fourth causes of action, **twenty-five days** from the entry of this Order.

IT IS SO ORDERED.

Dated: June 13, 2019

Honorable Barry Ted Moskowitz
United States District Judge